IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAKAKHAN R. DAVIS                                                    PLAINTIFF

vs.                                          CIVIL ACTION No.: 3:19-CV-693-HTW-LRA

HINDS COMMUNITY COLLEGE *et al*                               DEFENDANTS

**ORDER**

BEFORE THIS COURT is the *pro se* plaintiff, Chakakhan R. Davis's (hereinafter referred to as "Davis") Motion for Reconsideration. **[Docket no. 20]**. By her motion, Davis asks this court to set aside its July 7, 2020 order denying her motion to recuse. [Docket no. 15]. Davis has not served any defendants yet, so, this court may address the motion without waiting for replies or rebuttals.

Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc*., No. 5:03cv241, 2005 WL 1528611, at *1 (S.D. Miss May 31, 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir. 1993).

There are only three grounds for which this court may grant a motion for reconsideration: "(a) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000). If none of these three grounds is present, this court must deny the motion. Id. at *3.

This court has reviewed the submissions of the plaintiff and the relevant jurisprudence, once more, and is persuaded, as several times before, that the Motion for Reconsideration filed by

1

Davis **[Docket no. 20]** should be **DENIED**. Davis' Motion for the undersigned to recuse and her Motion for Reconsideration are devoid of any factual or legal basis. Repeatedly raising the same family of related, but toothless grounds, Davis, in her infatuation with the topic of recusal and failure to appreciate her misguided understanding on the requisites for such, over the years, has constantly cranked out such motions, only be rebuffed each time. Her litigation time and efforts would be better served were she to concentrate more on any substantive disputes she might have.

**IT IS, THEREFORE, ORDERED** that Davis' Motion for Reconsideration [Docket no. 20] is hereby DENIED.

**SO ORDERED** this the 17th day of July, 2020.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE