# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CHAKAKHAN R. DAVIS**                                                                                                  **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO.: 3:19-CV-693-HTW-LGI**

**HINDS COMMUNITY COLLEGE, et al.**                                                                   **DEFENDANTS**

### DEFENDANTS' BRIEF ON COURT'S ORDER TO SHOW CAUSE

Defendants Hinds Community College, Dr. Clyde Muse, Dr. Tyrone Jackson, Sharon Alexander, Timothy Rush, Timothy Crisler, and Percy Terrell ("Defendants") file this Brief in compliance with the Court's Order to Show Cause [Doc. 93].

On May 20, 2021, this Court entered an Order requiring Plaintiff to show cause why she should not be sanctioned under Rule 11, the All Writs Act (28 U.S.C. §1 651(a)), and the Court's inherent power. [Doc. 93 at p. 4]. The Court further invited Defendants to brief the propriety of sanctions against Plaintiff. *See id.*

As explained herein, Defendants submit that this Court's authority to sanction Plaintiff is broad. More importantly, the sanctions the Court proposes are necessary. Plaintiff has not only engaged in filing repeated, duplicative, and frivolous lawsuits as noted in the Court's order, she has also repeatedly offended the dignity of the Court. But more compelling than even her claims' obvious lack of merit is Plaintiff's own harassing, abusive, insulting, and vulgar behavior towards defendants, counsel, and even the Court. Plaintiff's conduct needlessly devours judicial resources and demeans the Court's integrity. Without sanctions, there is no reason to believe Plaintiff's behavior in these respects will ever change. For these reasons, and those that follow, this Court should impose sanctions against Plaintiff.

1

## Sanctions under Rule 11, the All Writs Act, and the Court's inherent power are appropriate and necessary.

Federal Rule of Civil Procedure 11(b) outlines three critical obligations of attorneys and unrepresented parties in presenting documents to the Court. Litigants must certify that a pleading or motion (1) is not presented for an improper purpose, (2) asserts claims warranted by existing law or non-frivolous arguments for modification of existing law, and (3) contains factual assertions and denials that are supported by evidence. Where a party fails to comply with Rule 11(b), the Court is vested with expansive authority to impose a variety of appropriate sanctions designed to "deter repetition of the conduct or comparable conduct by other similarly situated." Fed. R. Civ. P. 11(c)(4). Indeed, the Fifth Circuit has confirmed that "sanctions awarded under Rule 11 . . . are essentially deterrent in nature, imposed in an effort to discourage dilatory tactics and the maintenance of untenable positions." *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 345 (5th Cir. 1990).

While Rule 11 is perceived to govern attorney conduct, its obligations also apply to parties proceeding pro se. *Thomas v. Capital Sec. Svcs., Inc.*, 836 F.2d 866, 870 (5th Cir. 1988) (en banc). That being said, pro se litigants are permitted reasonable leeway in their attempts to comply with procedural rules and formalities. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Their pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Id*. But this leniency is not, as this Court has noted, "impenetrable insulation which shields a pro se party from Rule 11 sanctions." *Taylor v. Cty. of Copiah*, 937 F. Supp. 580, 585 (S.D. Miss. 1995) (Wingate, J.) (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). Quite to the contrary, "[w]hile the district court is obliged to construe pro se pleadings liberally, it is not required to condone blatantly frivolous, vexatious, or harassing conduct." *Knighten v. Cave & McKay*,

32 F.3d 566, at *3 (5th Cir. July 29, 1994). In view of these standards, this Court may and should impose sanctions against this Plaintiff as follows:

### I. Plaintiff's lawsuits—including this one—are presented for improper purposes.

Rule 11 contains a non-exhaustive list of "improper purposes" for which a pleading or other paper may be subject to sanctions. These include submitting documents intended to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Here, Plaintiff's extraordinary litigation history is strongly indicative of multiple improper purposes. Chief among them, Plaintiff both (1) needlessly increases the costs of litigation to both the defendants and the Court and (2) abuses and harasses defendants, their counsel, and the Court.

> A. *Improper Purpose No. 1: Needlessly increasing the costs of litigation and fishing for settlements without any genuine intent to obtain a merits ruling.*

This Court may look to Plaintiff's patterns of conduct in this and other lawsuits to discern her improper intent. The Court can reasonably conclude that through her many lawsuits—and the way she conducts herself in those lawsuits—Plaintiff aims to unnecessarily elevate the costs of litigation in an unrelenting effort to obtain a favorable settlement. Evidence of this improper purpose is as follows:

- Between 2011 and 2013, Plaintiff asserted "at least 17" slip-and-fall claims against various retailers. *Davis v. Hinds County, Miss.*, 2017 WL 4228659, at *1 (S.D. Miss. Sept. 22, 2017).

- Plaintiff has filed eight (8) lawsuits in the federal district court for the Southern District of Mississippi. *Davis v. Hinds Community College*, Cause No. 3:19-CV-693-HTW-LGI; *Davis v. Dollar General Corporation, LLC*, Cause No. 3:20-CV-274-KHJ-LGI; *Davis v. Comm'r of Social Security*, Cause No. 3:18-CV-462-HTW-JCG; *Davis v. Office Max*, Cause No. 5:11-cv-111-DCB-RHW; *Davis v. Hinds Cty., Miss.*, Cause No. 3:15-CV-248-DPJ-FKB; *Davis v. City of Vicksburg*, Miss., Cause No. 3:13-CV-886-DCB-MTP;

3

> *Davis v. Wal-Mart Stores East, LP*, Cause No. 3:14-CV-375-HTW-LRA; *Davis v. Hinds County, Miss.*, 3:15-CV-874-CWR-LRA.

- In only one of these federal lawsuits did Plaintiff successfully obtain a settlement. *See Davis v. Hinds Cty., Miss.*, Cause No. 3:07-CV-592-DPJ-JCS.  In this case, Plaintiff was represented by counsel until shortly before settlement.

- **In the *only* case that made it trial, Plaintiff failed to appear.**  *Davis v. Hinds County, Miss.*, Cause No. 3:15-CV-CWR-LRA at Doc. 180.

- Plaintiff has filed at least seven notices of appeal and petitions for writs of mandamus to the Fifth Circuit.  Appeal Nos. 15-60635; 16-60204; 18-60535; 18-60681; 19-60132; 19-60267; and 19-60894.  **Six of the seven were dismissed for want of prosecution**.  The seventh was a one-line affirmance of the district court's dismissal.  Appeal No. 15-60635.

- Plaintiff filed one petition for writ of certiorari to the United States Supreme Court, which was summarily denied.  *Davis v. Walmart Stores E., L.P.*, 137 S. Ct. 1233 (2017).

- Plaintiff has prosecuted at least two cases before the Mississippi appellate courts.  *See Davis v. Office Max*, 131 So. 3d 588 (Miss. Ct. App. 2013); *Davis v. Mississippi Bd. of Certified Court Reporters*, 126 So. 3d 982 (Miss. Ct. App. 2013).[1]  One affirmed the dismissal of Plaintiff's claim, the other reversed only because the trial court mistakenly dismissed the case on grounds of timeliness before the time for service actually expired.  *See id*.

Reciting the number of filings alone, however, barely scratches the surface of Plaintiff's voracious consumption of public resources.  The dockets in these cases tell a story of seemingly endless motions, letters, and objections, most of which have no basis in law or fact.  Often, Plaintiff submits multiple filings per day, multiplying the costs to the Court and Defendants to respond to and resolve them.

No evidence better demonstrates these tendencies than the docket in this matter.  Despite being at an extremely early stage of this case—motions to dismiss have been filed

---

[1] It is possible, if not likely, that more cases have been filed by Plaintiff at the state court level.  However, in the absence of a unified system to search state trial court filings, any such cases are difficult to find

but no case management conference has occurred—the docket is already ninety-three entries long. Plaintiff initiated this case by submitting an 83-page Complaint, filled to the brim with lengthy recitations of irrelevant case law, but omitting critical factual support for her many claims. [Doc. 1]. Specifically, the Complaint names Hinds Community College and six individuals as Defendants. *Id*. Yet Plaintiff fails to articulate specific factual allegations against at least three of the individuals—Dr. Clyde Muse, Officer Percy Terrell, and Dean Timothy Rush. *Id*. Instead, these individuals appear to be included as party Defendants for the sole purpose of harassment or leverage. *Id*. Similarly, the scant factual allegations against the other three Defendants are largely contradicted by both a video of the incident in question and the documents Plaintiff herself attached to her Complaint. *Id*.

The Complaint further asserts claims under Title IX, Section 1983, and state law. She persists in these claims even though several are barred by complete defenses such as statutes of limitations and failure to provide proper notice under the Mississippi Tort Claims Act ("MTCA"). [*See* Doc. Nos. 66, 70]. She even asserts a defamation claim without identifying any specific defamatory statement. *Id*.; *see also* Doc. 1 at p. 64. As relief for her claims, Plaintiff seeks multiple injunctions and *Ten Billion Dollars* in damages,[2] though she provides no facts supporting this incredible demand. [Doc. 1 at p. 81]. In these respects, Plaintiff's Complaint is frivolous. It lacks even an arguable basis in law, and the facts alleged therein are likewise false, as evidenced by contrary video and statements already made part of the record. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

---

[2] In *Davis v. Dollar General Corporation,* Cause No. 3:20-CV-00274, Plaintiff requested Five Trillion Dollars for alleged negligence. These absurd demands for damages further demonstrate Plaintiff's flippant view of the judicial system.

Further, after Plaintiff's Complaint in this matter was filed, she continued filing meritless motions. She first moved to recuse Judges Wingate and Anderson, accusing both of having acted dishonestly and fraudulently in a prior matter. [Doc. 4 at pp. 1-2].[3] Thereafter—and often in total disregard for the rules of court, Plaintiff filed multiple motions to expedite, letters to the Court, and other papers. As a result, before the first defendant was even served, the docket was 34 entries long.

Plaintiff has filed other baseless motions as well. For instance, she submitted multiple pleadings objecting to the Magistrate Judge's denial of her Motion to Amend, which was denied in part because Plaintiff failed to attach a proposed Amended Complaint to her motion. [Doc. 49]. Rather than merely submitting the Amended Complaint as required, Plaintiff continues to file pleadings insisting the motion to amend was improperly denied. [Doc. Nos. 58, 88].

Plaintiff likewise has filed multiple pleadings arguing that the attorney for the Mississippi Department of Education—which was a Defendant in this action before being dismissed—was not allowed to file responses to certain of her motions. [Doc. 54, 64, 92, 94]. She reasons that because MDE had a meritorious argument for dismissal pending, it was somehow unethical for it to respond to her motions even though no order of dismissal had yet been entered against it. *See id.* Clearly, the notion that an existing defendant cannot respond to docketed motions is entirely without merit. Plaintiff's persistent filing of multiple, baseless motions and other papers in this matter demonstrates her near-constant drain on judicial resources.

---

[3] This Court previously criticized for repeatedly filing the same, baseless motion for recusal in multiple cases. [Doc. 22]. Actions like this clearly consume judicial resources without moving the case forward in any meaningful way.

This case, of course, is not the only one Plaintiff has litigated in this manner. As a result, multiple judges in this Court have termed Plaintiff a "recreational litigant who has a history of frivolous, vexatious, and abusive litigation practices." *Davis v. Wal-Mart Stores, East LP*, 2019 WL 3720054, at *3 (S.D. Miss. Aug. 7, 2019) (Wingate, J.); *see also Davis v. Hinds County, Miss.*, 2017 WL 4228659, at *1 (S.D. Miss. Sept. 22, 2017). Given her history, it appears certain that without judicial intervention, Plaintiff will continue to "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 202 F.2d 358 (5th Cir. 1986). "Although *pro se* litigants are given considerable latitude, [Plaintiff] has consumed h[er] portion of the court's patience and then some…. H[er] wasting of increasingly scarce judicial resources must be brought to an end." *Mayfield v. Klevenhagen,* 941 F.2d 346, 348 (5th Cir. 1991). The imposition of sanctions is therefore proper.

> B. <u>Improper Purpose No. 2:</u> Abuse and harassment of defendants, their counsel, and the Court itself.

Another of Plaintiff's improper purposes appears to be the harassment and abuse of the Defendants and their counsel. Pleadings that are abusive, harassing, or vexatious justify a court in assessing sanctions against a pro se litigant. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). More specifically, where a pro se litigant submits documents to the court that "use[] vulgar and abusive language to refer to judicial officers" or "sen[ds] threatening e-mails to opposing counsel," the court has found this conduct "inexcusable." *Petito v. Brewster*, 562 F.3d 761, 763 (5th Cir. 2009).

Plaintiff here has sent e-mails to the undersigned containing both vulgarities and serious allegations of misconduct and prejudice. In one such email, Plaintiff asked Defendants' counsel (a white female), "whether a white woman's body is more cleaner than

7

a black[?]" Exhibit A, January 9, 2021 Email. She went on to state, "[i]f my vagina wasn't cute, then I would feel some shame right now. Maybe that's why God gave me a cute one…White House Apple Cider Vinegar is also a good brand to use." *Id*. Plaintiff's mention of White House Apple Cider Vinegar appears to be a wholly inappropriate (and irrelevant) reference to that product's use as feminine hygiene product. *Id*. But Plaintiff did not limit these vulgarities to private correspondence. She subsequently filed a motion with this Court in which the last page was a printout of the label for White House Apple Cider Vinegar. [Doc. 74]. It was accompanied by a list of links to Youtube videos seemingly selected at random. *Id*. Needless to say, this content is not relevant to any issue before the Court and is offensive, harassing, and needlessly crass.

Unfortunately, this is not the first pleading in this matter that Plaintiff has used to distribute vulgar and irrelevant content. In a motion for reconsideration filed before Defendants were served, Plaintiff attached a photograph of celebrity Steve Harvey, followed by a paragraph describing a woman's vaginal discharges in graphic detail. [Doc. 26 at p. 5]. The following page then features a collage of advertisements for feminine hygiene products. *Id*. at p. 6. As with many of her other pleadings, this filing also includes URLs to several immaterial Youtube videos. *Id*.[4]

Similarly, in *Davis v. Dollar General Corporation*, Cause No. 3:20-CV-274-KHJ-LGI, Plaintiff again filed a motion to recuse Judges Wingate and Anderson. At the end, she

---

[4] In addition to vulgar content, Plaintiff also clogs the docket with irrelevant pop culture attachments. Exhibit 11 to Doc. 25 for instance, is a collage of still shots from the movie "The Boy Next Door." Exhibit 1 to Doc. 13 contains further photographs and Youtube links, including a picture of a trophy from a talent show in Port Gibson. Similarly, Exhibit 1 to Doc. 20 is a picture of DVD cover for the movie "First Sunday" and a written description of the meaning of "stealing." See also Davis v. Dollar General Corporation, Cause No. 3:20-CV-274-KHJ-LGI at Docs. 1, 5, 7, 27

8

attached a drawing of a topless woman, accompanied by a description of the story of *Pinocchio*. Doc. 4 at p. 5-6. The drawing itself is bad enough. But the Pinocchio story is offensive, too, as it is apparently intended to imply that Judges Anderson and Wingate acted dishonestly in previous cases. *See id*. As these items indicate, Plaintiff plainly does not take the legal process seriously.

Additionally, in a second email transmitted in this matter, Plaintiff also made unsubstantiated allegations of dishonesty and racism against counsel. Exhibit B – January 22, 2021 email. She accused the undersigned of "intentional dishonest statements" in Defendants' motions to dismiss, despite the fact that the assertions in those motions were supported *by a video* of the incident in question. *Id*. She further contended that counsel's prosecution of those motions was motivated by "the deep hate in [her] heart towards blacks." *Id*.

And again, Plaintiff did not limit her attacks on counsel to private emails. In a pleading filed with the Court, she accused counsel of harassment, willful misrepresentations, bad faith, contumacious misconduct, and deception. [Doc. 74]. These allegations were made without any factual support and were in fact contradicted by the straightforward and indisputable evidence in the case. These reckless and unwarranted accusations, filed in the public record, are harmful counsel's reputation and certainly constitute vexatious conduct.

But Plaintiff has not limited her attacks to opposing counsel. In a prior case, Plaintiff made unsubstantiated accusations of misconduct against the Court and its staff. *Davis v. Wal-Mart Stores, East LP*, Cause No. 3:14;CV;375-HTW-LRA, [Doc. 113]. Specifically, she alleged the judge and his courtroom deputy, in collusion with defendant's

counsel, perpetrated a fraud on the Court in dismissing her cause of action because she lied in her application to proceed *in forma pauperis*. *Id*.[5] Plaintiff further accused the Judge himself of acts including bribery, dishonest statements, and bias, without offering any evidence to corroborate her accusations. *Davis v. Wal-Mart Stores, East LP*, 2019 WL 3720054, at *3 (S.D. Miss. Aug. 7, 2019). These unfounded claims were obviously dismissed, but not without first clogging the Court's docket and consuming its resources. *See id*. Plaintiff's allegations of collusion and disparaging remarks towards the Court are a proper basis for sanctions. *See Barfield v. Hunt Petroleum Corp.*, 389 F. App'x 332, 333-34 (5th Cir. 2010); *see also Prewitt v. Alexander*, 173 F.R.D. 438, 439 (N.D. Miss. 1996) (holding sanctions were appropriate where plaintiff had a history of making "outrageous, scandalous and unfounded accusations against members of the judiciary").

Plaintiff similarly made unsupported claims of "sexual harassment" against a Circuit Court Judge in Warren County, Mississippi, filing a federal lawsuit against the City of Vicksburg based on her allegations. *See Davis v. City of Vicksburg*, 2015 WL 4251034, at *1-*5 (S.D. Miss. April 27, 2015). But her Complaint was almost immediately dismissed when the Magistrate Judge screened her petition to proceed *in forma pauperis* and found her claims to be entirely without merit. *Id*.[6] The Fifth Circuit has made clear that it "will not

---

[5] In yet another example of Plaintiff's drain on judicial resources, this Court was forced to undertake a four-day evidentiary hearing to discover Plaintiff's deceit within her application to proceed IFP. *Davis v. Wal-Mart Stores, East L.P.*, Cause No. 3:14-CV-375-HTW-LRA, Doc. 115 at p. 4.

[6] Plaintiff's claims against the Circuit Judge in the *City of Vicksburg* matter are strikingly similar to her claims of sexual harassment in this case. In *City of Vicksburg*, She contended that during certain judicial proceedings, the judge made sexually explicit comments and used "intimidating sexual[ly] explicit gestures with body language" and then "retaliated [against her] for not welcoming his sexual advances." *Id*. at *1. In this case, too, she claims that Instructor Timothy Crisler made sexually explicit comments and unspecified sexual "gestures" towards her during class, then retaliated against her when she refused his purported advances. The similarities among these bizarre allegations casts further doubt on their veracity.

10

allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the requirements of a past age; it is not a sword with which to insult a trial judge. *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978). Moreover, a pro se plaintiff "cannot expect the protection of the very courts [s]he abuses; nor should [s]he expect h[er] action to proceed after debasing proceedings with vulgar insults…." *Petito*, 562 F.3d 761. Plaintiff's repeated and baseless allegations of serious misconduct against the Court of itself is further vexatious conduct justifying the imposition of Rule 11 sanctions.

## II. Plaintiff's legal claims are not grounded in existing law and are not supported by evidence or reasonable belief.

As discussed herein, Plaintiff's claims in this lawsuit are legally baseless. *See*, *supra*, p. 5. Her prior claims have likewise lacked merit, as demonstrated by the respective courts' orders of dismissal. In *City of Vicksburg*, for instance, Plaintiff's claims did not proceed past the Magistrate Judge's screening of her case. 2015 WL 4251034 at *1-*5. Instead, Judge Parker produced an R&R finding Plaintiff's claims were without merit and recommending their dismissal with prejudice. Both District Judge Bramlette and the Fifth Circuit agreed.

Similarly, in the *Social Security* case, this Court adopted Judge Garguilo's Report and Recommendation finding that Plaintiff's appeal of the Commissioner's order denying her benefits was without merit. *Davis v. Comm'nr of Social Security Administration*, Cause No. 3:18-CV-462-HTW-JCG [Doc. 70]. *See also Davis v. Wal-Mart Stores East, LP*, Cause No. 3:14-CV-375-HTW-LRA; *Davis v. Hinds County, Miss.*, Cause No. 3:15-CV-874-CWR-LRA; *Davis v. Hinds County, Miss.*, Cause No. 3:16-CV-674-DPJ-FKB. These cases confirm that Plaintiff's lawsuits, despite their various bases and legal theories, persistently lack merit.

In this case, too, Plaintiff has willfully ignored rules of court that do not suit her and asserted facts that are contrary to indisputable evidence. Early in this case, Defendants moved for partial dismissal of Plaintiff's claims. [Docs. 66, 70]. In their recitation of the facts, Defendants noted that Plaintiff used racial slurs in an incident at the heart of Plaintiff's claims. *Id.* Without submitting any draft motion to Defendant as required by Rule 11, Plaintiff filed a motion for sanctions, claiming counsel dishonestly stated that racial slurs were used. [Doc. 74]. Yet counsel's statement was based on a video of the incident in question (of which Plaintiff was fully aware) proving that racial slurs had, in fact been used. [Doc. 78 – Exhibit A]. But by ignoring the facts as she knew them to be true, Plaintiff usurped judicial resources and increased the costs of litigation to defendants by filing a meritless motion for sanctions.

Further, Plaintiff disregarded the procedural rules requiring her to transmit a copy of any motion under Rule 11 to opposing counsel 21 days before moving for sanctions. Her motion was therefore barred from the outset. These facts, together with the dismissals against Plaintiff in multiple other trial courts and courts of appeal demonstrate that Plaintiff's filings in this case and her previous cases lack a basis in law or fact.

### III.     Plaintiff has been warned that continuing violations of Rule 11 will result in sanctions.

The Fifth Circuit has noted that before a pro se litigant may be severely sanctioned, she should be warned about the repercussions of continued frivolous and vexatious conduct. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195-96 (5th Cir. 1993). In 2017, this Court specifically urged Plaintiff to proceed with caution, after first rebuking her for dishonesty and abusive tone. Judge Reeves warned that if "a judge ma[de] findings that Davis has engaged in vexatious litigation or acted in bad faith, the judge may (among many other

12

potential sanctions) issue an order requiring Davis to receive prior court approval before filing any new lawsuit in this district." *Davis v. Hinds County, Miss.*, 2017 WL 4228659, at *1 (S.D. Miss. Sept. 22, 2017). He further emphasized that Plaintiff is a "frequent flier" who by virtue of experience knows the rules of court better than the typical pro se litigant. *Id*. at *3. As a result, he implied, she is entitled to less leeway. *Id*. Judge Reeves further cautioned Plaintiff a second time in the same case, this time in reaction to her filing of a baseless motion for recusal that was substantially plagiarized. *Davis v. Hinds County, Miss.*, 2017 WL 11450979, at *1 (N.D. Miss. Oct. 25, 2017). The Judge noted the courts' inherent power to impose sanctions, and warned that any further filing found to be frivolous would earn Plaintiff a sanction, potentially including dismissal of the action. *Id.*

Based on Judge Reeves's warnings there can be no doubt Plaintiff has been warned that continued misconduct may result in severe sanctions against her. Indeed, it appears this Plaintiff has been poised on the edge of significant sanctions for some time—prevented only by the courts' continued patience. Where an adequate warning has already been given, continued frivolous claims and vexatious conduct support the imposition of a severe sanction. *Mendoza*, 989 F.2d at 197. Defendants submit the time has come for these sanctions to be imposed.

### IV.     This Court should sanction Plaintiff by dismissing this action and imposing a "gatekeeping order" under the All Writs Act.

It is well-settled that this Court has broad discretion to fashion an appropriate sanction. *Thomas*, 836 F.2d at 876-77. However, the sanction must be the least severe sanction that adequately furthers the purpose of Rule 11. *Akin v. Q-L Investments, Inc.*, 959 F.2d 521 (5th Cir. 1992).

> A. *Dismissal of this lawsuit is the least severe sanction that will accomplish the goals of Rule 11.*

Defendants submit dismissal of this lawsuit is the most appropriate sanction for Plaintiff's conduct. While terminating sanctions are severe and rare, no lesser sanction will serve Rule 11's purposes. The litigation history in this and other cases recited above speaks for itself. There is no reason to believe Plaintiff will ever comply with the rules of court. She has exhibited startling disregard for the Court's authority, and does not hesitate to accuse (and even sue) the Court itself when she does not obtain the relief she desires. Dismissal of Plaintiff's cause will deter Plaintiff—and others like her—from (1) persistent disregard for the admonitions and orders of the Court, (2) asserting frivolous claims, and (3) abusing and harassing other litigants, attorneys, and the Court. The Fifth Circuit has previously confirmed the propriety of dismissal under similar circumstances. *Petito*, 562 F.3d at 762-63.

> B. *In the alternative, this Court should (1) revoke Plaintiff's IFP status in this lawsuit and require her to pay the filing fee before proceeding, and (2) order Plaintiff to pay Defendants' reasonable costs and attorney's fees for briefing these issues.*

Should the Court conclude that a sanction short of dismissal can deter future misconduct by Plaintiff, Defendants request Plaintiff be required to obtain a financial stake in this litigation in order to continue pursuing it. In short, this Court should revoke Plaintiff's IFP status. Litigants who, like Plaintiff, proceed *in forma pauperis,* pose a unique threat to the efficient operation of the courts because they are not limited by the time and financial constraints of typical litigants. *See In re Whitaker*, 513 U.S. 1, at *1 (1994) (citing *In re Sindram*, 498 U.S. 177 (1991)). In other words, "persons granted leave to proceed *in forma pauperis* have virtually nothing to lose and everything to gain, and the purpose of § 1915—equal access for the poor and the rich—is distorted." *Lay v. Anderson*, 837 F.2d 231,

232 (5th Cir. 1988) (quotation marks omitted). Thus, the "Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system." *Whitaker*, 513 U.S. at *1.

By revoking Plaintiff's *in forma pauperis* status in this case and requiring her to pay filing and service fees before going forward, the Court would ensure Plaintiff is not able to proceed without investing her own resources. This may make Plaintiff more eager to avoid further conduct that could result in terminating sanctions and a loss of her investment. It would also serve the additional purpose of safeguarding the IFP process—reserving limited resources for individuals who have not persistently abused the system.

In addition, Defendants submit the Court should sanction Plaintiff by awarding Defendants their reasonable costs and attorney's fees in briefing and defending this Court's Order to Show Cause. But for Plaintiff's misconduct, Defendants would not have incurred these sums. The Fifth Circuit has previously upheld the imposition of monetary sanctions for a pro se plaintiff's repeated violations of Rule 11. *See Moody v. Baker*, 857 F.2d 256 (5th Cir. 1988) (upholding monetary sanctions against pro se plaintiff who filed 24 civil actions); *Mayfield v. Collins*, 918 F.2d 560 (5th Cir. 1990) (upholding monetary sanctions against pro se plaintiff who filed multiple prior civil actions); *James v. Johnson*, 91 F.3d 141 (5th Cir. 1996) (upholding sanction against IFP plaintiff for submitting a document "containing extremely vulgar and offensive language."). Defendants therefore request this Court enter an order requiring Plaintiff to pay Defendants' reasonable costs and attorney's fees upon Defendants' submission and the Court's approval of their invoices.

> *C. This Court should also impose a rule forbidding Plaintiff from filing future lawsuits without Court approval.*

As additional, prospective relief, this Court should impose a "gatekeeping order" under 28 U.S. § 1651(a) to enjoin Plaintiff from filing additional lawsuits in this jurisdiction absent formal permission from the Court. *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). Courts have recognized that "there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious," and as a result, "approved the practice of enjoining litigants from filing pleadings and complaints when necessary to deter vexatious and frivolous filings or to protect the integrity of the courts and the orderly and expeditious administration of justice." *Kaimnetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995) (citing *In re McDonald*, 489 U.S. 180, 183-85 (1989)). An injunction against such future filings, however, "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360.

To determine the propriety of an order restricting access to the Courts, this Court should consider five factors:

> "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

*Prewitt*, 173 F.R.D. at 444 (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986)). Plaintiff here easily satisfies all of these factors. Her litigation history is detailed herein, and is fraught with frivolous lawsuits that have been (and currently are being)

16

prosecuted in a manner that is vexatious and harassing. Further, as this Court has observed, Plaintiff does not appear to have filed these lawsuits in good faith, having refused to appear to try the one case that proceeded to a trial on the merits. The record is clear that Plaintiffs' conduct in all cases has caused tremendous, avoidable expense to both the Court and other litigants. Finally, given the length of Plaintiff's history and the fact of her prior warnings, it does not appear that Plaintiff will be appropriately bound by any other sanction aside from a gatekeeping order. Defendant therefore respectfully submits that Plaintiff should be required to submit any and all future complaints to the Court for approval before filing.

For the reasons stated herein, Defendants respectfully request that this Court impose sanctions under Fed. R. Civ. P. 11(b), the All Writs Act, and its inherent power dismissing this matter with prejudice and enter a gatekeeping order requiring Plaintiff to obtain Court approval before filing future suits in this jurisdiction. In the alternative, this Court should revoke Plaintiff's IFP status, and require her to pay filing and service fees before proceeding with this case, and also award Defendants their reasonable costs and fees for briefing and defending this Court's Order to Show Cause.

Respectfully submitted, this the 28th day of May, 2021.

**HINDS COMMUNITY COLLEGE, DR. CLYDE MUSE, DR. TYRONE JACKSON, SHARON ALEXANDER, TIMOTHY RUSH, TIMOTHY CRISLER, AND PERCY TERRELL**

*/s/ Lindsey O. Watson*
Elizabeth Lee Maron (MSB #10133)
Lindsey O. Watson (MSB #103329)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
(p) 601-292-0719

(f) 601-355-9708
elizabeth.maron@arlaw.com
lindsey.watson@arlaw.com

**CERTIFICATE OF SERVICE**

    I do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record. Further, by Plaintiff's express agreement, I have caused Plaintiff to be served with a filed copy of the foregoing via electronic mail at the following email address:

chakakhandavis@yahoo.com

THIS the 28th day of May, 2021.

                                                      */s/ Lindsey O. Watson*