IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHAKAKHAN R. DAVIS**                                                                 **PLAINTIFF**

vs.                                                    CIVIL ACTION No.: 3:19-CV-693-HTW-LRA

**HINDS COMMUNITY COLLEGE** *et al*                                        **DEFENDANTS**

## ORDER

BEFORE THIS COURT is the *pro se* plaintiff, Chakakhan R. Davis's (hereinafter referred to as "Davis") Motion For Recusal of Judge Henry T. Wingate **[Docket no. 103]**.

Davis argues that the undersigned should recuse himself for an alleged bias against herself. For cause, Davis cites the following reasons: that she believes that this court erred in its dismissal of her unrelated case *Davis v. Wal-Mart* 3:14-cv-375-HTW-LRA; that this court has exhibited bias against her by making "extra judicial statements"; and that other United States District Court Judges of the Southern District of Mississippi had ruled against her. This court has addressed Davis's requests for recusal on multiple occasions, both orally and in various orders that this court has issued in other cases.

Under 28 U.S.C. § 455(a) "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This court takes note of the established law of the Fifth Circuit:

> "Judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). Instead, the judge's rulings should constitute grounds for appeal, not for recusal. Id. Opinions formed by the judge that are based on the evidence in the case or events occurring during the proceedings do not constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* If the remarks stem from an extrajudicial source, they may constitute sufficient grounds

1

for recusal. Further, expressions of impatience, annoyance, dissatisfaction, and even anger, do not establish bias or partiality.

*United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir.), opinion modified on reh'g, 116 F.3d 119 (5th Cir. 1997).

Davis' latest allegations of bias center on her contention that this court has made "extra judicial statements" against her – by this court, United States District Court Judge Carlton Reeves and United States District Court Judge David Bramlette. According to Davis, this court, at a hearing to determine whether to grant *in forma pauperis* status to her on July 30, 2015 and August 5, 2015 in her unrelated – and now dismissed – case of *Davis v. WalMart*, 3:14-cv-375-HTW-LRA the following: that this court required her to answer pointed questions about her prior litigation history; that this court had observed Davis limp into the courthouse but not when she exited; that Davis had hidden her car from the court; that Davis' claims in Davis v. Vickburg *et al*, 5:13-cv-90-DCB-MTP were, to this court's eye frivolous, vexatious, and a bad faith or abusive litigation tactic; and finally, that Davis had filed at least seventeen (17) slip and fall claims against various retailers. This court does not find Davis' assertions, even if true, mandate recusal.

This court has considered Davis's allegations and the relevant legal authority and denies her motion. This court finds Davis has no legitimate claims which would convince this court it needs to recuse itself. Davis's complaints, yet again, all center on her dissatisfaction with the court's rulings to date – in this lawsuit and others – and are not sufficient to establish a need for this court to recuse itself.

**IT IS, THEREFORE, ORDERED** that *pro se* plaintiff's Motion For Recusal of Judge Henry T. Wingate [Docket no. 103] is hereby DENIED.

**SO ORDERED** this the 17th day of June, 2021.

s/ **HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**