IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHAKAKHAN DAVIS**                                                                                     **PLAINTIFF**

vs.                                                                        CIVIL ACTION No.: 3:19-CV-693-HTW-LGI

**HINDS COMMUNITY COLLEGE,** *et al*                                                       **DEFENDANTS**

## ORDER

BEFORE THIS COURT is plaintiff Chakakhan Davis' (hereinafter referred to as "Davis") Motion for Sanctions **[Docket no. 79]**. Davis, acting *pro se*, by her motion, asks this court to sanction the defendants under Rule 11[1] of the Federal Rules of Civil Procedure because, according

---

[1] (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

  (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

  (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

  (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

  (3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

to Davis, the defendants' declaration that Davis utilized racial slurs towards defendant Instructor Timothy Crisler (hereinafter referred to as "Crisler") was false. Davis further argues that the defendants willfully misrepresented the facts to this court for an improper purpose. For support of her motion, Davis submitted an email exchange wherein she asked defendants to remove or withdraw the offending statement. Davis further argues that

> The Plaintiff being an African American Woman could never make an (sic) racial and/or ethnic slur towards an African American Male and did not do so on the date in question by referring to the Utica Hinds Radio and TV Broadcasting Instructor as the n word.

[Docket no. 74]. Davis submitted no affidavit, video, or other evidence to support her conclusory statement that defendants' statement of the facts is false.

Defendants first argue that Davis failed to comply with Rule 11's safe harbor provision encompassed at Rule 11(c)(2) which mandates:

> (c) Sanctions.
> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If

---

(4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) Limitations on Monetary Sanctions. The court must not impose a monetary sanction:
   (A) against a represented party for violating Rule 11(b)(2); or
   (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) Requirements for an Order. An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

(d) Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

Fed. R. Civ. P. 11

>  warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

F.R.C.P. 11(c)(2). Rule 11 requires that the party at whom the sanctions motion is directed be given twenty-one (21) days to correct or withdraw the offending material before a motion for sanctions is filed. *See Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995). Davis sent her email requesting defendants to remove any referral to her using the n word on January 9, 2021. Despite Davis' contention to the contrary, defendants' counsel responded on January 11, 2021. Davis allegedly never served counsel with a proposed Rule 11 motion for sanctions, instead, Davis filed her motion for sanctions the same date she received a reply from defendants' counsel. This court finds that Davis failed to follow the mandates of Rule 11(c)(2) and her motion must be denied.

Defendants further ask this court to rule on the merits of Davis' motion for sanctions, which this court would have done without such a request from defendants. Rule 11 requires counsel to present factual contentions to this court that, to the best of counsel's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… have evidentiary support…." Fed. R. Civ. P. 11(b). A proper inquiry requires an investigation of the facts and law specific to the claim contained in the pleading at the time it is signed and filed. *Margetis v. Furgeson*, 2015 WL 6688063, *10 (E.D. Tex. Sept. 29, 2015) (citing *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 873-74 (5th Cir. 1988)). Rule 11 further requires that counsel shall not present matters to this court for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b).

Defendants argue that before filing their motion to dismiss, they read the amended complaint filed by Davis (in which Davis admits that she used the n word toward Crisler), reviewed the video (in which Davis is allegedly observed using the n word), and interviewed Crisler (who supposedly confirmed that Davis utilized racial slurs towards him). Davis does not contest

defendants' allegations in this regard. This court finds defendants conducted a reasonable review before filing their motion to dismiss.

Defendants also respond in opposition saying that Davis' email asking them to remove the allegedly false statement acknowledges that Davis used the n word towards Crisler. As previously stated, Davis submitted as Exhibit A to her motion for sanctions an email in which she admits to calling Crisler the n word: "[i]n actuality your (sic) creating a racial theme out of what was stated in the video out of hate" and "[c]ould that be the reason in the video I referred to him as the n word. (sic)" [Docket no. 74-1]. By her statements, Davis expressly admits that she was utilizing the term in a derogatory manner.

Defendants campaign that they had not used the "racial slur" characterization of Davis' alleged outburst for an improper purpose. Defendants argue that Davis' own actions and admissions are part of the story of the case and should have been presented for this court to determine the vitality of defendants' motion to dismiss.

This court agrees with defendants. Davis attached exhibits to her Amended Complaint that allege she had called Crisler the n word. As this court stated above, Davis also submitted an exhibit to her motion for sanctions wherein she admits to calling Crisler the n word. This court is sorely vexed with Davis' self-serving and contradictory statements. Davis' motion for sanctions against defendants under Rule 11 appears to run afoul of the very rule she seeks to invoke – a determination this court will address at a later stage in this litigation.

Moreover, say defendants, Davis' argument that the use of the "n word" by one African American to another African American cannot be a "racial slur" is incorrect. Merriam-Webster's Dictionary defines a slur as "an insulting or disparaging remark or innuendo." https://www.merriam-webster.com/dictionary/slur (last visited January 13, 2021). It further

4

defines "racial" as "of, or relating to, or based on a race." *Id*. available at https://www.merriam-webster.com/dictionary/racial (last visited January 13, 2021). Courts throughout the country have held that the "n word" bears an objective and negative racial connotation. *See White v. Government Employees Ins. Co*., 457 Fed.Appx. 374, 381 n.5 (5th Cir. 2012) (calling the "n word" an "inflammatory racial epithet[]"); *Rodgers v. Western-Southern Life Ins. Co*., 12 F.3d 668, 675 (7th Cir. 1993) (calling the "n word" an "unambiguously racial epithet"); *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 185 (4th Cir. 2001) (calling the "n word" "pure anathema to African-Americans"); *Roberts v. Fairfax County Public Schools*, 858 F.Supp.2d 605, 610 (E.D. Va. 2012) (noting, as to the "n word", "[w]here such an abhorrent slur is alleged, there is no question that its use was offensive, unwelcome, and racially motivated"); *Johnson v. Bunny Bread Co*., 646 F.2d 1250, 1257 (8th Cir. 1981); *Mullen v. Princess Anne Volunteer Fire Co., Inc*., 853 F.2d 1130, 1132 (4th Cir. 1988); *Brown v. East Miss. Elec. Power Ass'n*, 989 F.2d 858, 860 (5th Cir. 1993); *Moore v. KUKA Welding Systems & Robot Corp*., 171 F.3d 1073, 1077, 1079 (6th Cir. 1999); *Jackson v. Quanex Corp*., 191 F.3d 647, 651 (6th Cir. 1999); *Newcomb v. Okolona Mun. Sep. Sch. Dist*., 1999 WL 33537139, at *1 (N.D. Miss. Jan. 22, 1999); *Anderson v. Pacific Maritime Ass'n*, 336 F.3d 924, 926 (9th Cir. 2003); *Tademy v. Union Pacific Corp*., 614 F.3d 1132, 1146 (10th Cir. 2008); *Goldsmith v. Bagby Elevator Co., Inc*., 513 F.3d 1261, 1269 (11th Cir. 2008); *Rivera v. Rochester Genesee Regional Transp. Authority*, 743 F.3d 11, 26 (2d Cir. 2014); *Adams v. Austal, U.S.A., L.L.C*., 754 F.3d 1240, 1252 (11th Cir. 2014); *Stoker v. United States*, 2020 WL 1467508, at *3 (N.D. Miss. March 26, 2020).

At least one court has expressly found that the use of the n word by an African American towards another African American may be a racial slur. "In certain circumstances, [an African American male's] use of the [n word] to describe another [African American male] may be racist,

5

particularly when it is used as a put-down, as a word of disrespect, or to explain why the person is acting in a particular manner." *Gerald v. Locksley*, 849 F. Supp. 2d 1190, 1246 (D.N.M. 2011) (a Title VII racial discrimination lawsuit where the plaintiff and defendant were both African American football coaches, defendant was the head coach and plaintiff was an assistant coach).

This court is mystified and highly disturbed by Davis' argument that when one African American calls another African American the "n" word, that characterization can never be construed as a "racial slur", even where, as here, the term is clearly used in a derogatory and insulting manner.

Should Davis appeal any aspect of her frivolous litigation surrounding her outlandish and chilling conduct on Monday, January 8, 2018, when she lambasted her instructor, Timothy E. Crisler, with caustic and pejorative accusations, this court hopes that the appellate court will review the video of her conduct. That observation will clearly reveal Davis' character and the utter poverty of the claims herein.

**IT IS, THEREFORE, ORDERED that Davis' Motion for Sanctions [Docket no. 79] is hereby DENIED.**

**SO ORDERED this the 20th day of August, 2021.**

                                                        **s/ Henry T. Wingate**
                                                        **UNITED STATES DISTRICT COURT JUDGE**