IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHAKAKHAN R. DAVIS**                                                                                   **PLAINTIFF**

vs.                                                         CIVIL ACTION No.: 3:19-CV-693-HTW-LGI

**HINDS COMMUNITY COLLEGE** *et al*                                          **DEFENDANTS**

## ORDER

BEFORE THIS COURT are two motions filed by the *pro se* plaintiff, Chakakhan R. Davis, (hereinafter referred to as "Plaintiff" or "Davis"): Precautionary Motion for Leave to File Amended Notice of Intent and/or Motion for Reconsideration **[Docket no. 130]**; and Motion for Reconsideration **[Docket no. 131]**.

On August 20, 2021, this court dismissed Plaintiff's Amended Complaint with prejudice [Docket no. 125]. This court found that Plaintiff's claims against the Defendants herein were "frivolous and possibly taken in bad faith". Davis has continued to file multiple documents in this matter, which litigation has been closed on this court's docket since August 20, 2021, the effective date of dismissal. Filing motions after dismissal of her lawsuits is standard practice for Davis. Defendants herein assert that they have been and remain prejudiced by expending resources to respond to Plaintiff's repetitive and incessant filings that have prolonged this frivolous action.

This court, in its previous orders in this matter, outlined Plaintiff's litigious history. For the years 2011 through 2013, for example, Davis filed at least 17 Complaints in state and federal courts against various entities, including: Office Depot; Office Max; Wal-Mart; Auto Zone; Variety Wholesalers; Walgreens; Dollar General; Roberts Company, Inc.; and Kroger. Plaintiff says she sustained injuries to her head, neck, shoulder, elbow, at least one finger, at least one ankle and at least one knee. She additionally has sued Hinds County, Mississippi; the Hinds County, Mississippi, Sheriff's Office; the Hinds County Sheriff; and individual members of the Sheriff's Department, as

well as the Mississippi Board of Certified Court Reporters for defamation, along with numerous other causes of action.

This court previously denied Plaintiff's Motion for Leave to file a document exceeding the 35-page limit on memorandum briefs imposed by Local Rule of Civil Procedure 7 (b)(5)[1]. [Docket no. 129]. She now again seeks leave of this court under the Local Rules to exceed the 35-page limit, although this court cannot ascertain by her motion the clear purpose of her filing [Docket no. 130]. Plaintiff offers no legally-succinct basis for her request, nor does she cite caselaw pertinent to this second request to exceed the prescribed page limit. This court, accordingly, DENIES her motion.

Plaintiff also asks this court to reconsider its previous order denying her request for leave to file a motion exceeding the page limitations [Docket no. 129] under Federal Rule of Civil Procedure 60[2]. In support of her Motion, Plaintiff contends this court erroneously:

---

[1] L.U. Civ. R. 7(b)(5) of the Uniform Local Rules provides: "Movant's original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages, and respondent's memorandum brief may not exceed thirty-five pages."

[2] Rule 60. Relief from a Judgment or Order states:
**a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.
**(c) Timing and Effect of the Motion.**
**(1) Timing.** A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
**(2) Effect on Finality.** The motion does not affect the judgment's finality or suspend its operation.

(a) overlooked that the Motion for Leave was unopposed; (b) overlooked that the excess pages Plaintiff requested were necessary; and (c) cited Plaintiffs vexatious litigation history. Plaintiff also argues that "newly discovered evidence" justifies reconsideration. This court has reviewed Plaintiff's arguments on each of these points and finds that her contentions are meritless and, thus, do not support reconsideration under Rule 60.

Rule 60(a) allows a court to correct clerical mistakes, oversights, or omissions in an order. Plaintiff does not request any such relief; instead, she asks the court to grant her relief which this court previously has denied. Rule 60(a) may not be used to correct substantive rulings. *Warner v. City of Bay St. Louis,* 526 F.2d 1211, 1212 (5th Cir.1976). Rule 60(a), thus, is inapplicable here.

"Rule 60(b)(1) allows relief from final judgments on account of 'mistake,' and, in this circuit, the rule may be invoked for the correction of judicial error…" *Hill v. McDermott, Inc.,* 827 F.2d 1040, 1043 (5th Cir. 1987). Rule 60(b)(1), however, may be invoked "only to rectify an obvious error of law, apparent on the record." *Id.* None of Plaintiff's submitted arguments for reconsideration concerns any such errors of law. Rule 60(b)(1), therefore, also does not save Plaintiff's Motion.

Plaintiff further fails to allege "fraud on the court" under Rule 60(d)(3), that Defendants committed fraud, misrepresentation, or misconduct under Rule 60(b)(3), that the

---

**(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:
**(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;
**(2)** grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
**(3)** set aside a judgment for fraud on the court.
**(e) Bills and Writs Abolished.** The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

Fed. R. Civ. P. 60

order is void under Rule 60(b)(4), or that the order has been satisfied under Rule 60(b)(5). These rules are, accordingly, irrelevant to Plaintiff's Motion for Reconsideration.

Plaintiff finally argues that "extraordinary circumstances" exist under Rule 60(b)(6) justifying reconsideration. Plaintiff, however, fails to assert any such circumstances, nor does she allege that "the initial judgment [was] manifestly unjust," as required by Rule 60(b)(6). *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350,357 (5th Cir. 1993). Plaintiff, instead, cites Rule 60(b)(2) and alleges the existence of "newly discovered evidence." Plaintiff does not, however, cite any such newly discovered evidence.

**IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Leave to File [Docket no. 130] and Motion for Reconsideration [Docket no. 131] hereby are DENIED. This matter has been fully and finally closed for almost two years. This court, as a matter of leniency for this pro se litigant, offers a FINAL WARNING that any further filings in this matter by Plaintiff Chakakhan R. Davis SHALL be subject to sanctions.**

**SO ORDERED this the 4th day of August, 2023.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT**