IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAKAKHAN R. DAVIS                                                                           PLAINTIFF

vs.                                                          CIVIL ACTION No.: 3:19-CV-693-HTW-LGI

HINDS COMMUNITY COLLEGE *et al*                                                 DEFENDANTS

### ORDER

BEFORE THIS COURT is a *Motion to Order the Court Reporter Hearing Transcript(s) at the Government's Expense* **[Docket no. 148]**, submitted by the *pro se* plaintiff, Chakakhan R. Davis (hereinafter "Davis"). Davis, in her one-paragraph Motion, asserts only that she is entitled to receive her requested transcript free of charge due to her *in forma pauperis* status.

On August 20, 2021, this court dismissed Davis's lawsuit *sub judice*, with prejudice. [Docket no. 125], This court found that Davis's claims against the defendants were "frivolous and possibly taken in bad faith". Davis, thereafter, filed several motions, including a Motion for Reconsideration [Docket no. 131]. This court denied Davis's request for reconsideration on August 4, 2023 [Docket no. 139]. On August 11, 2023, Davis timely filed a notice of appeal [Docket no. 140].

To obtain a transcript at the Government's expense, Davis must satisfy the criteria of 28 U.S.C. § 753(f)[1]. *See Jackson v. Livingston*, 540 F. App'x 403 (5th Cir. 2013) (per curiam)

---

[1] **(f)** Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of

1

(citing 28 U.S.C. § 753(f); *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985)). Section 753(f) provides, in part, that the United States shall pay the fees for transcripts furnished in civil proceedings to persons permitted to appeal *in forma pauperis* if the trial judge or a circuit judge certifies that the appeal is not frivolous but presents a substantial question. *See* 28 U.S.C. § 753(f).

Further, "in order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir.1997). If the litigant fails to demonstrate a particular need for a transcript or raise a substantial question, the court may properly deny the request. *Harvey*, 754 F. 2d at 571.

Davis has failed to demonstrate why the transcript is necessary to her appeal or otherwise satisfy the requirements of such a request. As stated above, this court already has found that her civil lawsuit is frivolous. Davis presents no substantial question for disposition. This court, accordingly, hereby **DENIES** Plaintiff Chakakhan R. Davis's Motion To Order Court Reporter Transcrip(s) at the Government's Expense **[Docket no. 148].**

SO ORDERED this the 17th day of November, 2023.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**

---

this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C.A. § 753 (West)